UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **VIOLLA CHARLES,** | |
| **Plaintiff** | |
| vs | Case No.: |
| **GOOD SAMARITAN REGIONAL MEDICAL CENTER, JEANNE BOYDSTON, ROGER FRANCO, MARGARET MOORE, JANE DOES 1 and 2,** | *COMPLAINT* and *JURY DEMAND* |
| **Defendants.** | |

Viola Charles, residing at 151 Seton Place, South Orange, New Jersey complaining of the Defendants, says:

## PARTIES

1. Plaintiff is a resident of the State of New Jersey

2. Defendant Good Samaritan Regional Medical Center ("Good Sam") is resident in the State of New York with a principal business address at Suffern, NY, 10901 in the Town of Ramapo, Rockland County. On information and belief, all Defendants are also residents of the State of New York.

## JURISDICTION and VENUE

3. This Court has jurisdiction pursuant to 28 USC 1332 as the claims arise by a citizen and resident of New Jersey against citizens and residents of New York.

Venue is proper in New York because all of the Defendants have a presence here, and all of the acts complained of occurred here.

## FACTUAL ALLEGATIONS

4. Plaintiff has been employed by Defendant Good Samaritan since 1995 as a scrub technician in the Labor and Delivery Unit ("L & D" or "the Unit"). She has been directly supervised by all Defendants, who are all RNs, and Defendant Boyston is Clinical Manager of the Unit, and Plaintiff's ultimate superior.

5. Plaintiff has been subjected to race-based harassment, contrary to New York Executive Law §296, et seq.

6. The Unit historically has been almost exclusively staffed by white females.

7. In 2012, an African-American nurse, Melissa Pierre, was hired but left almost immediately due to racial harassment. Also in 2013, a second African-American nurse, Linda Williams, was offered a position, but then Defendant Boydston reneged on the offer. Plaintiff was known to be friendly with both of them; and on information and belief, Williams cited Plaintiff's harassment in her complaints to the EEOC. Pierre submitted a resignation letter to Defendant Boydston, which Boydston circulated among the nurses, in which Pierre accused Boydston and the nursing staff of being racist, and cited Plaintiff's comments to her as evidence.

8. After the Pierre resignation letter was circulated, the harassment of Plaintiff intensified; and it became even worse after Williams complained to the EEOC.

9. Plaintiff always felt excluded by the other women, and never invited to join

them socially, unlike the Caucasian scrub techs..

10. In the spring of 2014, Plaintiff discovered that Defendant Boydston had attempted to make changes to her 2013 evaluation after she had signed off on it, but Chief of Nursing Eileen Dobbin deleted these comments and blocked them from remaining on Plaintiff's record.

11. In or about October 2013 Defendant Jane Doe 1 (a white female RN in the L&D unit, first name Joyce) approached Plaintiff in the cafeteria during a meal break, wagging her finger at her and saying "Do you have a problem with me?". Plaintiff complained about this conduct to Defendant Roger Franco, an HR officer, but he has never responded to that complaint.

12. In July 2014, Plaintiff went to Chief of Nursing Dobbin to speak about her treatment in the Unit, and Defendant Jane Doe 2 ( a white female, known as Pamela T) interrupted the meeting to say "How unprofessional of you to have all these departments involved.  Its costing us a lot of money ."

13. Earlier this year, defendant Margaret Moore replaced Defendant Boydston as Clinical Manager of the L&D Unit.  Defendant Moore has continued the pattern of harassing Plaintiff and making her working environment uncomfortable; among other things, she has frequently and arbitrarily changed Plaintiff's work schedule to accommodate other employees, even though Plaintiff is the most senior scrub tech in the Unit.

14. Plaintiff, up to the present, has been subjected to a hostile environment that is based on her race and her perceived support of other African - American and Haitian - American

women who voiced complaints about their discriminatory treatment.

## FIRST COUNT
### (Hostile environment contrary to NYHRL)

15.     From and after July 2012, if not before, Plaintiff has had to work in an environment that was racially hostile, and was subjected to discriminatory treatment because of her race, contrary to New York Human Rights Law, Executive Law §296, et seq. .

16..    Plaintiff suffered extreme emotional distress as a result of this hostile environment.

17..    The management of Defendant was aware of the hostile environment, and did not act effectively to stop it.

WHEREFORE, Plaintiff demands Judgment pursuant to the statute on this Count against Defendant Good Samaritan for compensatory damages, punitive damages, reasonable counsel fees and costs of suit.

## SECOND COUNT
### Employment Retaliation Contrary to NYHRL

18.     At various times in 2013 and 2014, Plaintiff complained to Good Sam HR, and especially Defendant Franco, and to management, including Ms. Dobbins, about the race based hostile environment and discriminatory treatment which she had received from L&D management and her co-workers.

19.     Plaintiff's friend and co-worker, Linda williams, sued Defendants Good Sam and

Boydston and named Plaintiff as both a witness to her discrimination and another person who was discriminated against on the basis of her race.

20   After Plaintiff complained, Defendants retaliated against her, and Defendants Franco and Boydston acquiesced to the retaliation, all contrary to NYHRL, Executive Law §296 et seq. .

21.   By not taking effective steps to stop and prevent such retaliation, Defendant Good Sam has indicated its tolerance of same.

WHEREFORE, Plaintiff demands Judgment pursuant to the statute on this Count against Defendant Good Samaritan for compensatory damages, punitive damages, reasonable counsel fees and costs of suit.

### THIRD COUNT
### Aider and abettor liability

22.   Defendants Francom, Boydston, Jane Does 1 and 2 all aided and abetted Good Sam in its discriminatory and/or harassing conduct set forth above, contrary to NYHRL, Executive Law §296 et seq.

WHEREFORE, Plaintiff demands Judgment on this Count pursuant to the statute against Defendants Boydston, Franco, Jane Does 1 and 2 for compensatory damages, punitive damages, reasonable counsel fees and costs of suit.

Dated:                                                By /s/ George J. Cotz GC 0463
                                                      Attorney for Plaintiff
                                                      47 S Franklin Turnpike
                                                      Ramsey, New Jersey 07446
                                                      Phone 201-327-0900
                                                      Fax    201- 327-0019

## JURY DEMAND

Plaintiff demands trial by jury on all issues.

Dated:

/s/ George J. Cotz GC 0463